**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

CHARLES HOLZHAUSEN and
TERRANCE HOLZHAUSEN,

Plaintiffs,

v.

CASE NO: 24-cv
HONORABLE:

DANIEL STICKELL, SLOAN KOWALEWSKY, BRETT SKOCZYLAS, and ZACHARY SMITH, in their individual and official capacities,

Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>JONATHAN A. ABENT (P78149)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321-FAX<br>shanna.suver@cjtrainor.com<br>amy.derouin@cjtrainor.com<br>jon.abent@cjtrainor.com | |

THERE ARE NO OTHER PENDING OR RESOLVED ACTIONS ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

# **COMPLAINT AND JURY DEMAND**

**NOW COME** Plaintiffs, **CHARLES HOLZHAUSEN and TERRANCE HOLZHAUSEN,** by and through their attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for their Complaint against the above-named Defendants state

as follows:

1. Plaintiffs are currently residents of the County of Roscommon, State of Michigan.

2. Defendants DANIEL STICKELL, SLOAN KOWALEWSKY, BRETT SKOCZYLAS, and ZACHARY SMITH are and/or were Michigan State Police Troopers employed by the Michigan State Police and were acting under color of law, in their individual and official capacities, and within the course and scope of their employments at all times mentioned herein.

3. All events giving rise to this lawsuit occurred in the County of Roscommon, State of Michigan.

4. This lawsuit arises out of Defendants' violation of Plaintiffs' federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiffs have viable claims for damages under 42 U.S.C. § 1983.

5. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

6. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

7. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

8. On or about September 17, 2023, Defendants arrived at the home of Plaintiff CHARLES and his then 17-year-old son, Plaintiff TERRANCE.

9. Defendants arrived at the home pursuant to a search warrant for a dirt bike alleged to have been involved in a minor single-vehicle accident.

10. Plaintiff CHARLES opened his front door, spoke to Defendants through his screen door, and informed Defendants that the dirt bike was not located on his property.

11. Defendant STICKELL promptly threatened Plaintiff, stating that, "I'm about to rip that door off the hinges in about two seconds."

12. Defendant STICKELL asked Plaintiff CHARLES to put his dog away, and Plaintiff CHARLES complied and put his dog in a bathroom.

13. Plaintiff CHARLES closed his front door while he went to put away his dog.

14. Defendant STICKELL ripped open the screen door and attempted to forcibly open the front door.

15. Defendant STICKELL threatened Plaintiffs, stating, "I'm gonna kick the door in in about two seconds."

16. Plaintiff TERRANCE opened the front door—the screen door was already being held open by Defendant STICKELL.

17. Defendants entered the home, and Defendant SMITH promptly shoved Plaintiff CHARLES in the chest, knocking him backward.

18. Defendant STICKELL violently shoved the minor Plaintiff TERRANCE, who was wearing a left-arm sling as a result of recent shoulder injury, out of the front door and onto the porch.

19. Another of Defendants, upon information and belief Defendant SKOCZYLAS, immediately grabbed Plaintiff TERRANCE by the back of his neck and shoved him face-first toward the floor of the porch while Plaintiff TERRANCE screamed in pain.

20. Defendant SMITH grabbed Plaintiff CHARLES by the right wrist and/or right bicep, threw/tackled Plaintiff CHARLES into a table, and performed a single-arm takedown of Plaintiff CHARLES.

21. Defendant STICKELL then discharged his TASER® into Plaintiff CHARLES.

22. During these events, Plaintiff CHARLES was screaming in pain and advising Defendants that he had metal rods in his back.

23. Defendants STICKELL and/or SKOCZYLAS and/or SMITH placed Plaintiff CHARLES in handcuffs.

24. During the above-referenced events, all of Defendants had the means and opportunity to prevent the use of unreasonable and/or excessive force by the other Defendants against Plaintiffs, yet failed to do so.

25. Plaintiff CHARLES was then transported to the Munson Grayling Hospital emergency department for medical treatment and then lodged in the Roscommon County Jail.

26. Defendants left Plaintiff TERRANCE at the scene.

27. Upon information and belief, Plaintiffs were never formally charged with, nor convicted of, any crime arising out of the subject incident.

28. As a result of Defendants' unreasonable and/or unlawful actions and/or inactions, Plaintiffs suffered significant injuries and damages.

**COUNT I**
**VIOLATION OF THE FOURTH AMENDMENT**
**42 U.S.C. § 1983—ILLEGAL SEARCH AND SEIZURE**

29. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

30. The Fourth Amendment to the United States Constitution establishes that Plaintiffs have the right to be free from unreasonable searches and seizures including, but not limited to, the right to be free from arrest/detention/seizure in the absence of probable cause.

31. Defendants acted unreasonably and failed in their duties when they unlawfully detained/seized/arrested Plaintiffs without probable cause to do so and without considering the totality of the circumstances.

32. Defendants are not entitled to qualified immunity because they violated Plaintiffs' clearly established Fourth Amendment rights to be free from unreasonable searches and seizures.

33. Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiffs' deprivations of their constitutional rights.

34. As a proximate result of the violations and/or deprivations of Plaintiffs' constitutional rights by Defendants, Plaintiffs have viable claims for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter an award in their favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

**COUNT II**
**42 U.S.C. § 1983**
**VIOLATION OF THE FOURTH AMENDMENT**
**EXCESSIVE FORCE/FAILURE TO INTERVENE**

35. Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

36. The Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from unreasonable searches and seizures.

37. At all relevant times herein, Defendants acted under color of law, within the scope and course of their employment, and in their official and individual capacities.

38. Defendants violated Plaintiffs' clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures.

39. The individual Defendants violated Plaintiffs' Fourth Amendment right to be free from the use of unreasonable and/or excessive by using such force against him during the events on or about September 17, 2023 including, but not limited to, the following: shoving Plaintiff CHARLES in the chest; violently shoving the visibly injured minor Plaintiff TERRANCE out the front door; grabbing the visibly injured minor Plaintiff TERRANCE by the back of his

neck and shoving him face-first toward the floor of the porch; grabbing Plaintiff CHARLES by his right wrist and/or right bicep; throwing/tacling Plaintiff CHARLES into a table; performing a single-arm takedown of Plaintiff CHARLES; and discharging a TASER® into Plaintiff CHARLES.

40. At the time of the incident, Plaintiffs were not committing any crime, serious or otherwise, did not pose a threat to Defendants nor anyone else, nor were Plaintiffs attempting to flee or otherwise resist arrest.

41. Defendants further observed and/or had reason to know that excessive would be, or was being, used against Plaintiffs.

42. Defendants had both the opportunity and the means to prevent the use of excessive force against Plaintiffs, yet failed to do so.

43. The actions and/or inactions of Defendants were at all times objectively unreasonable in violation of Plaintiffs' clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiffs.

44. Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiffs' clearly established Fourth Amendment rights to be free to unreasonable searches and seizures including, but not limited to, be free from the use of excessive force.

45. As a proximate result of the violations and/or deprivations of Plaintiffs' constitutional rights by Defendants, Plaintiffs have viable claims for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter an award in their favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**s/ Jonathan A. Abent**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
JONATHAN A. ABENT (P78149)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shanna.suver@cjtrainor.com
amy.derouin@cjtrainor.com
jonathan.abent@cjtrainor.com

Dated: August 22, 2024
*JAA*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

CHARLES HOLZHAUSEN and
TERRANCE HOLZHAUSEN,

Plaintiffs,

v.

CASE NO: 24-cv
HONORABLE:

DANIEL STICKELL, SLOAN KOWALEWSKY, BRETT SKOCZYLAS, and ZACHARY SMITH, in their individual and official capacities,

Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>JONATHAN A. ABENT (P78149)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321-FAX<br>shanna.suver@cjtrainor.com<br>amy.derouin@cjtrainor.com<br>jon.abent@cjtrainor.com | |

**DEMAND FOR TRIAL BY JURY**

**NOW COME** Plaintiffs, **CHARLES HOLZHAUSEN and TERRANCE HOLZHAUSEN,** by and through their attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby make a demand for trial by jury in the above-entitled cause.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**s/ Jonathan A. Abent**

CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
JONATHAN A. ABENT (P78149)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shanna.suver@cjtrainor.com
amy.derouin@cjtrainor.com
jon.abent@cjtrainor.com

Dated: August 22, 2024
*JAA*